IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Civil No. 4:20-cv-00327 |
| Plaintiff, ) | |
| ) | |
| v. ) | VERIFIED COMPLAINT FOR |
| ) | FORFEITURE *IN REM* |
| THREE MERCEDES-BENZ ) | |
| VEHICLES PURCHASED BY THE ) | |
| JEFFREY ALLAN KOCK TRUST ) | |
| A.K.A. THE JEFFREY ALLAN KOCK ) | |
| LIVING TRUST, ) | |
| ) | |
| Defendant(s). ) | |

Plaintiff, United States of America hereby files and serves this VERIFIED COMPLAINT IN REM and alleges as follows:

## I.   NATURE OF THE ACTION

1.   This is an action to forfeit and condemn specific property to the use and benefit of the United States of America ("Plaintiff") for involvement, as set forth below, in violations of 18 U.S.C. § 641 (theft of government property), 18 U.S.C. § 1341 (mail fraud), § 1343 (wire fraud), and § 1957 (engaging in monetary transactions in property derived from specified unlawful activity).

2.   The Defendant properties are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) as personal property constituting or derived from proceeds traceable to a violation of an offense constituting a "specific unlawful activity" under 18 U.S.C. § 1956(c)(7), namely theft of government property under 18 U.S.C. § 641, which constitutes an offense listed in 18 U.S.C. § 1961(1).

3. The Defendant properties are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) as personal property constituting or derived from proceeds traceable to a violation of an offense constituting a "specific unlawful activity" under 18 U.S.C. § 1956(c)(7), namely mail fraud under 18 U.S.C. § 1341, which constitutes an offense listed in 18 U.S.C. § 1961(1).

4. The Defendant properties are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) as personal property constituting or derived from proceeds traceable to a violation of an offense constituting a "specific unlawful activity" under 18 U.S.C. § 1956(c)(7), namely wire fraud under 18 U.S.C. § 1343, which constitutes an offense listed in 18 U.S.C. § 1961(1).

5. The Defendant properties are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) as personal property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957 or as property traceable to such property.

## II. DEFENDANT *IN REM*

6. The Defendant properties are generally described as three (3) Mercedes-Benz vehicles purchased by the Jeffrey Allan Kock Trust (aka, the Jeffrey Allan Kock Living Trust), for the benefit of itself and others, namely:

   a) A 2020 Mercedes-Benz AMG E63 Sedan (vehicle identification number W1KZF8KB0LA810283);

   b) A 2017 Mercedes-Benz AMG G63 Sports Utility Vehicle (vehicle identification number WDCYC7DF5HX274308); and

   c) A 2019 Mercedes-Benz SL 450 Convertible Coupe (vehicle identification number WDDJK6GA2KF055555).

This entity will be hereinafter be referred to in this pleading as "the "Trust."

7. The Defendant properties are in the physical custody of the Internal Revenue Service, Criminal Investigation Division.

### III. JURISDICTION AND VENUE

8. This Court has jurisdiction over an action commenced by the United States of America under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

9. This Court has *in rem* jurisdiction and venue over the Defendant properties under 28 U.S.C. §§ 1355(b) and 1395(b) as the acts or omissions giving rise to the forfeiture occurred in this district and because the Defendant properties were seized from and are located in this district.

### IV. FACTS

10. A tax refund fraud scheme involves one or more individuals who prepare false income tax returns, file false income tax returns, or do both, using false income, deductions, and/or tax withholding amounts to generate a fraudulent claim for a refund from the federal government to which they are not entitled.

11. A Form 1041, U.S. Income Tax Return for Estates and Trusts, may be used to execute a tax refund scheme.

12. A Form 1040, U.S. Individual Income Tax Return may also be used to execute a tax refund scheme.

13. Using either type of return, people engaged in such a scheme can manipulate the numbers on the form using false income, false tax withholding figures, or both, to generate a fraudulent refund that deceives the federal government

into paying out money to the person who is allegedly owed the refund, but to which they are not legitimately entitled.

14. On approximately the dates set forth below, the Trust filed two false Forms 1041, U.S. Income Tax Return for Estates and Trusts, with the Internal Revenue Service (IRS), an agency of the federal government, for the years 2018 and 2019.

15. The Forms 1041 reported false interest income and false federal income tax withholdings for the pertinent tax years, which generated two fraudulent tax refunds totaling $10,941,863.

16. On or about November 23, 2019, the IRS electronically received a 2018 Form 1041 in the name of the Trust. The address on the form was associated with a residence in West Des Moines, Iowa titled to the parents of Jeffrey Allan Kock, who reside at the same address.

17. The 2018 Form 1041 in the name of the Trust was sent from the Southern District of Iowa to the IRS Ogden Service Center in Ogden, Utah, and thus was transmitted in interstate commerce.

18. The above-referenced 2018 Form 1041 reported interest income of $23,243. In the Tax and Payments section, the return reported $23,243 in federal income tax withheld, which was identical to the amount of interest income reported.

19. There is a question on the return asking, "If any [Federal income tax withheld] is from Form(s) 1099, check [a box]." That box was checked on the form,

which indicates that all or a portion of the federal tax withheld would be substantiated by a corresponding Form 1099 filed by the withholder.

20. The return reported taxable income of $11,243. The return claimed a refund of $20,671. The return also was marked by the filer as an "initial return," indicating that it was the first tax return filed with the IRS on behalf of the Trust.

21. A review of IRS records indicates this was, in fact, the initial return filed on behalf of the Trust.

22. On December 17, 2019, based on the amount of federal tax withholding claimed on the 2018 Form 1041 in the name of the Trust, the IRS issued a refund payment in the amount of $20,671 via a check issued by the United States Treasury to the Trust.

23. This check was sent by mail.

24. Based on a review of IRS records, the return is wholly fictitious because the IRS has no record of any interest income earned by the Trust or any tax withholdings paid over to the IRS for the Trust. In other words, the IRS did not owe the Trust a refund, because the Trust never paid any taxes to be refunded.

25. A review of IRS records was performed numerous times, as recently as May 11, 2020, and no interest income or tax withholding records could be found.

26. Based on a review of Bankers Trust account records, on December 30, 2019, a bank account for the "Jeffrey Allan Kock Living Trust" was opened at the Clive Branch in Clive, Iowa, and was assigned account number xxxxxx3903.

27. Jeffrey A. Kock was listed as the only trustee on the signature card for the "Jeffrey Allan Kock Living Trust" account.

28. The "Jeffrey Allan Kock Living Trust" account was initially funded with a deposit of the $20,671 tax refund check.

29. On or about February 5, 2020, the IRS received a paper 2019 Form 1041 in the name of the "Jeffrey Allan Kock Living Trust," with the West Des Moines, Iowa address associated with Kock's parents, where Kock resides, listed on the form.

30. The 2019 Form 1041 reported interest income of $15,158,247 for the "Jeffrey Allan Kock Living Trust."

31. In the Deductions section, the return reported a net operating loss deduction (NOL) of $15,158,245.

32. A NOL occurs when an entity's allowable deductions exceed its taxable income for a tax period.

33. When an NOL occurs, the allowable deductions can be "carried forward" to succeeding years to reduce future taxable income.

34. The NOL reported on the return was nearly identical to the amount of interest income reported.

35. In the Deductions section, the return reported a loss of ($11,998). This amount was calculated by taking the reported $15,158,247 interest income and reducing that amount by the $12,000 reported as fiduciary fees and the reported $15,158,245 net operating loss deduction.

36. In the Tax and Payments section, the return reported $15,158,245 in Federal income tax withheld, which is nearly identical to the amount of interest income reported.

37. The 2019 Form 1041 Return has a question asking, "If any [Federal income tax withheld] is from Form(s) 1099, check [a box]." That box was checked, which indicates that all or a portion of the federal tax withheld would be substantiated by a corresponding Form 1099 filed by the withholder.

38. Although the return reported a loss of ($11,998), an alternative minimum tax amount due was calculated on the return of $4,237,053.

39. This alternative minimum tax amount was calculated on the reported interest income of $15,158,247. When the reported federal income tax withheld of $15,158,247 was deducted from the alternative minimum tax amount, the result was a refund of $10,921,192.

40. On February 25, 2020, based on the large amount of federal tax withholding claimed to have been paid on the 2019 Form 1041 in the name of the "Jeffrey Allan Kock Living Trust" the IRS issued a refund payment in the amount of $10,921,192 via a check issued by the United States Treasury to the Trust.

41. Based on a review of IRS records, the return is wholly fictitious because the IRS has no record of any interest income earned by the Trust or any tax withholdings paid over to the IRS for the Trust. In other words, the IRS did not owe the Trust a refund, because the Trust never paid any taxes to be refunded.

42. A check of IRS records was performed numerous times, as recently as May 11, 2020, and no interest income or tax withholding records could be found.

43. In addition, based on a review of IRS records and other available records, the source of the net operating loss claimed on the return is wholly fictitious.

44. Further, regarding the net operating loss, the fact that the 2018 return is marked as an "initial return" and reported taxable income of $11,243 indicates that there would not be a net operating loss to carry forward to 2019, because the initial 2018 return reported positive taxable income, not a loss.

45. In layman's terms, the Trust could not have had a loss to carry over in 2019 because it reported taxable income in 2018 in its initial return. There is no loss to carry forward to the 2019 return, and certainly not a $15,158,245 net operating loss.

46. On March 2, 2020, the $10,921,192 tax refund check was deposited into a Bankers Trust bank account, having account number xxxxxx3903. The account was titled "Jeffrey Allan Kock Living Trust." The trustee on the account was Jeffrey A. Kock.

47. The $20,671 and the $10,921,192 were funds obtained from the federal government via theft, mail fraud, and wire fraud.

48. Jeffrey A. Kock engaged in a form of money laundering when he spent some of the funds he obtained by theft and fraud on the Defendant properties.

49. On March 3, 2020, a Bankers Trust cashier's check in the amount of $146,271.80 bearing number xxxxxx8440 was drawn on Bankers Trust bank account xxxxxx3903.

50. The cashier's check lists the payee as Mercedes-Benz of Des Moines and the remitter as Jeffrey Kock. In other words, Kock paid for the car with the funds he obtained by theft and fraud.

51. The motor vehicle purchase agreement dated February 29, 2020 from Mercedes-Benz of Des Moines is for the purchase of the gray 2020 Mercedes-Benz AMG E63 sedan, listed the vehicle identification number as W1KZF8KB0LA810283, and the purchase price/balance due as $146,271.80.

52. The motor vehicle purchase agreement for the 2020 Mercedes-Benz AMG E63 listed the buyer as the Jeffrey Allan Kock Trust and was signed "Jeffrey Kock, TTEE." The buyer's address listed West Des Moines, Iowa.

53. On March 3, 2020, a Bankers Trust cashier's check in the amount of $122,556.05 bearing number xxxxx8441 was drawn on the Bankers Trust bank account xxxxxx3903. The cashier's check lists the payee as Mercedes-Benz of Des Moines and the remitter as Jeffrey Kock.

54. A motor vehicle purchase agreement dated February 29, 2020 from Mercedes-Benz of Des Moines is for the purchase of a black 2017 Mercedes-Benz AMG G63 SUV. The VIN listed on the agreement was WDCYC7DF5HX274308, and the balance due was $122,556.05.

55. The motor vehicle purchase agreement lists the buyer as the Jeffrey Allan Kock Trust and was signed "Jeffrey Kock, TTEE." The buyer's address listed West Des Moines, Iowa.

56. Kock purchased a third vehicle with the funds he obtained by theft and fraud.

57. On March 4, 2020, a Bankers Trust cashier's check in the amount of $117,581.70 bearing number xxxxxx8447 was drawn on the Bankers Trust bank account xxxxxx3903. The cashier's check listed the payee as Mercedes-Benz of Des Moines and the remitter Jeffrey Kock.

58. A motor vehicle purchase agreement dated March 4, 2020 from Mercedes-Benz of Des Moines is for the purchase of a white 2019 Mercedes-Benz SL 450, listed the VIN as WDDJK6GA2KF055555, and stated the balance due was $117,581.70.

59. The motor vehicle purchase agreement listed the buyer as Susan Elizabeth Kock and the buyer's address listed West Des Moines, Iowa.

60. Susan Elizabeth Kock is Jeffrey Kock's mother.

61. As noted above, Susan Elizabeth Kock paid nothing for this vehicle, and it was purchased with proceeds of the above-referenced federal crimes.

62. On June 18, 2020, a team of IRS Special Agents executed seizure warrants of the three vehicles, and the following events occurred:

    A.    The 2017 Mercedes-Benz AMG G63 Sports Utility Vehicle (VIN # WDCYC7DF5HX274308), titled in the name of the Jeffrey Allan Kock Living Trust, was seized at the residence of JH, Kock's sister. She

       said that Kock bought that vehicle and owns it, but that she was driving the vehicle and storing it at her address.

B. The 2019 Mercedes-Benz SL 450 Convertible Coupe (VIN # WDDJK6GA2KF055555), titled in the name of Susan E. Kock, was seized at the residence of Roger T. and Susan E. Kock in West Des Moines, Iowa—the same address listed on the fictitious tax forms and where Kock then resided. Roger Kock stated that the vehicle was owned by his wife, Susan Kock, but admitted the vehicle was purchased by his son, Jeffrey Kock, for his mother. Roger Kock stated that the source of the funds for the purchase of this vehicle was a $10 million check issued to Kock by the IRS.

C. After the Government took possession of the coupe, Kock arrived at his parents' home. The case agent informed Kock that a valid seizure warrant was in effect for the 2020 Mercedes-Benz Sedan. Kock then stated to the case agent that the Sedan could not be seized, because "well, I hid it." The case agent confirmed that Kock had said he had hidden the 2020 Mercedes-Benz Sedan from federal agents and Kock stated that was correct.

63. The IRS initiated administrative forfeiture proceedings against the two seized vehicles, and sent potential claimants notice of the proceedings on or about June 29, 2020, to afford them an opportunity to contest the forfeiture.

64. On or about August 6, 2020, Jeffrey Allan Kock sent to the IRS a "Notice and Demand" essentially claiming the IRS agents only have authority to enforce laws relating to liquor, tobacco, and firearms.

65. In the mailing, Kock returned the notice sent by the IRS to him and his family members. Kock did not contest the forfeiture, but instead asserted without authority that if the IRS did not answer questions he posed in his letter within ten (10) days, the IRS would owe him the vehicles "full of premium gas, washed externally and without causing any damage to them" and would also be obligated to release the third vehicle from the seizure warrant.

11

66. In his August 6, 2020 letter, Kock refers to all three Defendant properties as "my automobiles."

67. The IRS was not obligated to, and did not, respond to these demands.

68. The 2020 Mercedes-Benz Sedan was eventually seized on September 14, 2020, pursuant to a valid seizure warrant, after the U.S. District Court for the Southern District of Iowa ordered Kock to turn the vehicle over to the federal government. See In the Matter of the Seizure of: 2020 Mercedes Benz AMG E63 Sedan VIN W1KZF8KB0LA810283, No. 4:20-MC-031.

## V. COUNT ONE – FORFEITURE OF PROCEEDS OF THEFT OF GOVERNMENT PROPERTY

69. The Plaintiff hereby realleges the allegations set forth above.

70. Based on the allegations set forth herein, and other facts to be developed, Plaintiff asserts that the Defendant properties are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) as personal property constituting or derived from proceeds traceable to a violation of an offense constituting a "specific unlawful activity" under 18 U.S.C. § 1956(c)(7), namely theft of government property under 18 U.S.C. § 641, which constitutes an offense listed in 18 U.S.C. § 1961(1).

## VI. COUNT TWO – FORFEITURE OF PROCEEDS OF MAIL FRAUD

71. The Plaintiff hereby realleges the allegations set forth above.

72. Based on the allegations set forth herein, and other facts to be developed, Plaintiff asserts that the Defendant properties are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) as personal property constituting or derived from proceeds traceable to a violation of an offense constituting a "specific unlawful

activity" under 18 U.S.C. § 1956(c)(7), namely mail fraud under 18 U.S.C. § 1341, which constitutes an offense listed in 18 U.S.C. § 1961(1).

### VII.   COUNT THREE – FORFEITURE OF PROCEEDS OF WIRE FRAUD

73. The Plaintiff hereby realleges the allegations set forth above.

74. Based on the allegations set forth herein, and other facts to be developed, Plaintiff asserts that the Defendant properties are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) as personal property constituting or derived from proceeds traceable to a violation of an offense constituting a "specific unlawful activity" under 18 U.S.C. § 1956(c)(7), namely wire fraud under 18 U.S.C. § 1343, which constitutes an offense listed in 18 U.S.C. § 1961(1).

### VIII.   COUNT FOUR – FORFEITURE OF PROCEEDS OF MONEY LAUNDERING

75. The Plaintiff hereby realleges the allegations set forth above.

76. Based on the allegations set forth herein, and other facts to be developed, Plaintiff asserts that the Defendant properties are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) as personal property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957 or as property traceable to such property.

### IX.   CLAIM FOR RELIEF

WHEREFORE, the United States prays that the Defendant properties be forfeited to the United States and that it be awarded its costs and disbursements in this action and for such other and further relief as the Court deems proper and just.

Respectfully submitted,

Marc Krickbaum
United States Attorney

By: /s/ Craig Peyton Gaumer
Craig Peyton Gaumer
Assistant United States Attorney
U. S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9317
Fax: (515) 473-9292
Email: craig.gaumer@usdoj.gov

## VERIFICATION

I, Todd A. Eklov, and declare under penalty of perjury that I am a Special Agent with the United States Department of the Treasury, Internal Revenue Service, Criminal Investigation Division, and have read the foregoing Verified Complaint and know the contents thereof. I believe the matters contained in the Verified Complaint are true to my own knowledge, except for those matters not within my own personal knowledge and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds for my belief are the official files and records of the United States and information provided to me by other law enforcement officers, as well as my investigation of this case, together with others, as Special Agent with United States Department of the Treasury, Internal Revenue Service, Criminal Investigation Division.

Dated: October 23, 2020.

*[signature]*
Todd A. Eklov, Special Agent
IRS-Criminal Investigation Division